CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 17 2019

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ORLANDO MAURICE JOHNSON, | ) |
| Plaintiff, | ) CASE NO. 7:19CV00021 |
| v. | ) MEMORANDUM OPINION |
| STAUNTON CITY POLICE DEPARTMENT, | ) By: Hon. Jackson L. Kiser<br>) Senior United States District Judge |
| Defendant. | ) |

Plaintiff Orlando Maurice Johnson, an inmate at the Middle River Regional Jail, has filed this pro se civil rights action, pursuant to 42 U.S.C. § 1983, against the Staunton City Police Department for its allegedly inadequate investigation of a complaint Johnson filed. After review of his submissions, I conclude that his complaint must be summarily dismissed.

Johnson reported to the police department that a person named Jeanette Chambers somehow obtained Johnson's last pay check without his permission, forged his name on it, and cashed it. Johnson complains that several officers and the police chief have promised to investigate this matter, which was allegedly "a long list of lies," because they "did nothing to help." (Compl. 4 [ECF No. 1].) The officer in charge of the investigation "never showed any progress or evidence," while another officer, who took information from Johnson at the jail and said he would return in a week, never returned. Id. at 2. The chief has told Johnson to stop calling and writing about the case, which is "being handled." Id. As relief in this case, Johnson demands that his Fourteenth Amendment rights "be upheld over a civil matter." Id.

The court is required to dismiss any action or claim filed by a prisoner proceeding in forma pauperis if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under § 1983,

a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). In other words, "[f]or the misconduct of a state official to be remediable under section 1983," that "official's actions must have violated a legal right of the plaintiff" under the Constitution or other federal law. Sattler v. Johnson, 857 F.2d 224, 226 (4th Cir.1988).

Johnson's claim alleges that police department officials have somehow violated his constitutional rights by failing to investigate and prosecute Jeanette Chambers' crime of stealing Johnson's paycheck. "No citizen has an enforceable right to institute a criminal prosecution," however. Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citation omitted). In fact, a citizen does not have any judicially cognizable interest in the prosecution or non-prosecution of another person. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Diamond v. Charles, 476 U.S. 54, 64–65 (1986) (applying Linda R.S. and collecting cases). Thus, Johnson has no legally significant interest in the criminal investigation or prosecution of Ms. Chambers. Consequently, I cannot find that his complaints about the quality and sincerity of the police investigation of that matter give rise to any cognizable claim under § 1983. Accordingly, I will dismiss this civil action without prejudice as legally frivolous. An appropriate order will enter herewith.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

**ENTERED** this 17th day of May, 2019.

SENIOR UNITED STATES DISTRICT JUDGE